| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------x<br>In re:<br><br>P. O. Y. REALTY CORP.,<br><br><br>                       Debtor.<br>-------------------------------------------------------------x | **Hearing Date: August 6, 2019**<br>**Hearing Time: 10:30 a.m.**<br><br>Chapter 11<br><br>Case No. 19-43615 (ESS) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF THE UNITED STATES TRUSTEE TO DISMISS THIS
CHAPTER 11 CASE WITH PREJUDICE TO REFILING
FOR TWO YEARS OR, IN THE ALTERNATIVE,
CONVERT CHAPTER 11 CASE TO CHAPTER 7.**

 

**WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
FOR REGION 2**
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax No. (212) 668-2255

Rachel B. Wolf, Esq.
Of Counsel

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this memorandum in support of his motion (the "Motion") for an order, pursuant to 11 U.S.C. § 1112(b), dismissing the chapter 11 case of P. O. Y. Realty Corp. (the "Debtor") with prejudice to refiling for two years or, in the alternative, converting the Debtor's chapter 11 case to chapter 7.  In support thereof, the United States Trustee represents and alleges as follows:

## I. **INTRODUCTION**

The Court should dismiss this chapter 11 case because the Debtor has proven that it is unable or unwilling to properly conduct itself as a debtor-in-possession.  The Debtor filed its chapter 11 case pro se and has not filed an application to retain counsel.  In addition, the Debtor has failed to file complete schedules, attend the section 341 meeting of creditors, maintain appropriate insurance, and timely provide information and attend meetings reasonably requested by the United States Trustee, all of which constitute cause for dismissal under sections 1112(b)(4)(C), (F), (G) and (H), respectively.  The Court should, therefore, dismiss the Debtor's case because dismissal is in the best interest of creditors and the estate.  The Debtor's creditors can exercise their rights outside of bankruptcy.

This is the Debtor's second recent bankruptcy case.  In light of the Debtor's rapid multiple filings with no substantial change in circumstances, its inability or unwillingness to reorganize and its consistently flagrant noncompliance with the obligations under the Bankruptcy Code, the Court should dismiss this case with prejudice for two years under 11 U.S.C. § 349(a).

## II. **STATEMENT OF FACTS**

**A.   Procedural History**

1.   On June 12, 2019 (the "Petition Date"), the Debtor commenced a case pro se by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Current Case").  ECF Doc. No. 1.

2.   The United States Trustee was unable to form an unsecured creditors' committee in the Debtor's case.  See Declaration of Rachel B. Wolf in Support of the Motion (the "Wolf Decl."), dated July 12, 2019, ¶ 3.  The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of its assets as a debtor-in-possession.

3.   The Debtor, a corporation, filed its Petition pro se and to date, failed to file an application to retain counsel.  See Wolf Decl., ¶ 4.

**B.   Assets and Liabilities in the Current Case**

4.   On the Petition, the Debtor stated that its principal place of business (the "Property") is at 137-25 Labrunum Avenue, Flushing, New York.  ECF Doc. No. 1, Petition.  The Debtor estimated the value of its assets in an amount between $0 and $50,001.  Id.

5.   On its Petition, the Debtor indicated that the Property requires immediate attention because "the property is scheduled for trial on 6/12/19 by Chase Bank who is not the original lender and is only debt collector & is not entitled to foreclose the subject property."  Id., Question 12.  The Debtor further asserts that the Property is insured.  Id.

6.   The Debtor has not filed schedules A/B, C, D, E/F, G, H, and statement of financial affairs.  See ECF Doc. No. 5; Wolf Decl., ¶ 7.

7.   No order establishing the last day to file claims has been entered in the Debtor's case.  See Wolf Decl., ¶ 8.

8. To date, the Claims Register does not contain any claims filed against the Debtor. See Claims Register; Wolf Decl., ¶ 9.

**C.    Deficiencies in Debtor's Current Case**

9. On June 12, 2019, the United States Trustee sent the Debtor a letter (the "June 12th Letter") enclosing a copy of the United States Trustee Operating Guidelines (the "Guidelines"). See Wolf Decl., ¶ 10. The Guidelines outline the requirements for debtors-in-possession, including the obligation to provide proof of insurance, provide proof of the opening of a debtor-in-possession bank account and other documents, attend an initial debtor interview and meeting of creditors, and file monthly operating reports. Id.

10. By letter dated June 18, 2019, the Office of the United States Trustee, 1) scheduled an initial debtor interview, in accordance with section 1116(2) of the Bankruptcy Code, for June 26, 2019 at 9:00 a.m. (the "Initial Debtor Interview") and 2) requested that the Debtor produce several documents, including proof of insurance and proof of the opening of a debtor-in-possession bank account. The Debtor failed to appear at the Initial Debtor Interview. See Wolf Decl., ¶ 11.

11. The meeting of creditors pursuant to 11 U.S.C. § 341 (the "Meeting of Creditors") was held on July 12, 2019 at 3:00 p.m. ECF Doc. No. 3; See Wolf Decl., ¶ 12. The Debtor did not appear at the Meeting of Creditors. Id.

12. To date, the Debtor has failed file complete schedules, and provide the United States Trustee with proof of insurance and proof of opening of a debtor-in-possession bank account. See Wolf Decl., ¶ 13.

13. On June 13, 2019, the Court scheduled a hearing for July 2, 2019, directing that the Debtor appear and explain why the Debtor's case should not be dismissed for failure to be represented by counsel (the "Notice"). ECF Doc. No. 4; Wolf Decl., ¶ 14.

14. On July 2, 2019, the Court held a hearing on the Notice. The Debtor did not appear. On July 3, 2019, the Court entered an order adjourning the Notice to August 6, 2019 at 10:30 a.m. ECF Doc. No. 14; Wolf Decl., ¶ 15.

**D.    The Previous Case**

15. On October 29, 2018, the Debtor commenced a previous case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in a case captioned In re P. O. Y. Realty Corp., Case No. 18-46215 (ESS) in the United States Bankruptcy Court for the Eastern District of New York (the "Previous Case"). See In re P. O. Y. Realty Corp., Case No. 18-46215 (ESS); Wolf Decl., ¶ 16.

16. On the Petition of the Previous Case, the Debtor stated that its principal place of business is located at the Property, and estimated its assets between $0 and $50,000, and estimated its liabilities between $0 and $50,000. See In re P. O. Y. Realty Corp., Case No. 18-46215 (ESS), ECF Doc. No. 1; Wolf Decl., ¶ 17.

17. In the Petition of the Previous Case, the Debtor stated "The property is scheduled for trial on 10/30/ [sic] by Chase bank who is not the original under and is only debtor colleetor [sic] & is not entitled to foreclose thes [sic] subject property" in reference to the Property. Case No. 18-46215 (ESS), ECF Doc. No. 1, Question 12; Wolf Decl., ¶ 18.

18. In the Previous Case, the Debtor did not file schedules A/B, C, D, E/F, G, H, I, J and statement of financial affairs, and did not appear at the Meeting of Creditors held on December 3, 2018. See Case No. 18-46215 (ESS), ECF Doc. No. 4; Wolf Decl., ¶ 19.

19.     On December 12, 2018, the Court dismissed the Previous Case for the Debtor's failure to be represented by counsel.  See Case No. 18-46215 (ESS), ECF Doc. No. 16; Wolf Decl., ¶ 20.

### III. ARGUMENT

**A.     There is Cause to Convert or Dismiss this Case under 11 U.S.C. § 1112(b).**

Section 1112(b) provides, in part, that:

(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (2010).

Section 1112(b)(4) lists provides fifteen examples of cause, including:

> (C)  failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> ***
>
> (F)  unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
> ***
>
> (G)  failure to attend the meeting of creditors convened under section 341(a); [and]
>
> ***
>
> (H)  failure timely to provide information or attend meetings reasonably requested by the United States trustee.

11 U.S.C. § 1112(b)(4).

The list of factors is nonexclusive.  In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).  See also In re State Street Assoc., L.P., 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case that amended section 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a

case). A party need not demonstrate that all the elements of "cause" can be met. See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. 1031 Tax Group, 374 B.R. at 93; cf. In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy court may dismiss a chapter 11 case based upon a finding that the petition was filed in "bad faith" even without considering factors under section 1112(b)).

### 1. The Debtor Failed to Obtain Counsel.

The Debtor, a corporation, filed its case pro se and did not file an application to retain counsel. See Wolf Decl., ¶ 4. "It has been the law for the better half of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (citing Osborn v. President of Bank of U.S., 22 U.S. (9 Wheat.) 738, 828-29 (1824)). This rule applies to corporations, partnerships, joint ventures, or other legal entities filing bankruptcy cases under Title 11 of the United States Code. See e.g., Schreibman v. Walter E. Heller & Co. (In re Las Colinas Dev. Corp.), 585 F.2d 7, 13 (1st Cir. 1978) (applying rule to corporate debtor). Thus, the Debtor cannot proceed with its chapter 11 case in bankruptcy court without counsel.

### 2. The Debtor Failed to Provide Proof of Insurance.

The failure to maintain appropriate insurance constitutes cause for the dismissal of the Debtor's case. 11 U.S.C. § 1112(b)(4)(C); Derivium Capital LLC v. U.S. Trustee (In re Derivium Capital LLC), 2006 WL 1317021 (S.D.N.Y. May 12, 2006) (lack of insurance is one factor supporting a court's decision to convert case to chapter 7); In re Daniels, 362 B.R. 428 (Bankr. S.D. Iowa 2007) (attorney's failure to maintain malpractice insurance is cause to convert case to one under chapter 7). Although the Debtor indicated on its Petition that the Property is

insured, the Debtor failed to provide the United States Trustee with proof of insurance.  See Wolf Decl., ¶¶ 6, 13.  Therefore, cause exists to dismiss the Debtor's case under 11 U.S.C. § 1112(b)(4)(C).

### 3. The Debtor Failed to File Schedules.

Section 521 provides, in part, that:

(a) The Debtor shall

    (1) file –
        (A) a list of creditors; and
        (B) unless the court orders otherwise –

            (i) a schedule of assets and liabilities;
            (ii) a schedule of current income and current expenses;
            (iii) a statement of the debtor's financial affairs;
            (iv) copies of all payment advice or other evidence of payment received within 60 days before the date of filing of the petition by the debtor from any employer of the debtor.

11 U.S.C. § 521(a)(1).  The debtor must file the documents listed in section 521(a)(1) within fourteen days after the filing of the petition unless the court grants an extension.  Fed. R. Bankr. P. 1007(c).  The debtor's obligation to disclose all of its interests at the commencement of its case is construed broadly.  See Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008) (discussing, in the context of asset concealment, how "full disclosure by debtors is essential to the proper functioning of the bankruptcy system.").

In this case, the Debtor has failed to file schedules A/B, C, E/F, G and H, a statement of financial affairs and other required documents.  See Notice of Deficient Filing, ECF Doc. No. 5; Wolf Decl., ¶ 6. Section 521(a) of the Bankruptcy Code provides that a debtor's duties include filing the schedules and statement of financial affairs.  11 U.S.C. § 521(a).  The Debtor did not file the aforementioned schedules within fourteen days of the Petition Date nor did it seek an extension of the deadline to file schedules.  The Debtor's failure to timely file the schedules and

a statement of financial affairs constitutes cause for the dismissal of this case. See 11 U.S.C. § 1112(b)(4)(F) (cause includes the unexcused failure to satisfy timely reporting requirements set forth in the Bankruptcy Code and Rules).

    **4.    The Debtor Failed to Attend the Meeting of Creditors.**

The Meeting of Creditors pursuant to 11 U.S.C. § 341 was held on July l2, 2019 at 3:00 p.m. ECF Doc. No. 3. The Debtor did not appear at the Meeting of Creditors. Wolf Decl., ¶ 12. Section 343 of the Bankruptcy Code requires debtors to appear and to be examined at the Meeting of Creditors. 11 U.S.C. § 343. The Debtor's failure to appear at the Meeting of Creditors is cause for the dismissal of the Debtor's case. 11 U.S.C. § 1112(b)(4)(G).

    **5.    The Debtor Failed Provide Proof of Opening a Debtor-In-Possession Bank Account**.

The Debtor has failed to produce documents to the United States Trustee indicating it has opened a debtor-in-possession bank account. See Wolf Decl., ¶ 13. Section 345 of the Bankruptcy Code requires that a debtor deposit its money into a bonded bank account. 11 U.S.C. § 345. The Debtor's failure to comply with section 345 constitutes cause for the dismissal of the case. See e.g., In re Columbia Gas Sys. Inc., 33 F.3d 294 (3d Cir. 1994) (debtor's compliance with section 345 is mandatory). The United States Trustee's request for documents indicating that the Debtor has opened a debtor-in-possession bank account was reasonable, and the Debtor failed to comply. Therefore, cause exists to dismiss the Debtor's case under section 1112(b)(4)(H).

    **6.    The Debtor Failed to Appear at the Initial Debtor Interview.**

The Debtor failed to appear for the initial debtor interview with the United States Trustee, which was held on June 26, 2018. See Wolf Decl., ¶ 11. The United States Trustee conducts initial debtor interviews in all chapter 11 cases. Under section 1112(b), the Debtor's failure to

attend meetings reasonably requested by the United States Trustee constitutes cause for conversion or dismissal. 11 U.S.C. § 1112(b)(4)(H). The Debtor's failure to attend the initial debtor interview, therefore, constitutes cause for dismissal of the Debtor's case.

**B.    There Are No Unusual Circumstances Establishing that Conversion or Dismissal is not in the Best Interests of Creditors and the Estate.**

Under section 1112(b)(2), after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2); see also In re Gateway Access Solutions, Inc., 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007) (after the movant shows cause, the burden shifts to the debtor to prove that there are unusual circumstances under section 1112(b)(2)).

Section 1112(b)(2) provides that:

(2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --

> (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
>> (i) for which there exists a reasonable justification for the act or omission; and
>>
>> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of the creditors and the estate. There is also no likelihood of plan confirmation within a reasonable time and no reasonable justification for the Debtor's breach of its fiduciary duties as a debtor-in-possession.

**C.     Dismissal is in the Best Interests of Creditors and the Estate**.

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors or the estate." 11 U.S.C. § 1112(b). See also In re Gonic Realty Trust, 909 F.2d 624, 626-676 (1st Cir.1990) (the Bankruptcy Court has broad discretion to convert or dismiss a chapter 11 case). Under the facts, this case should be dismissed, rather than converted. The Debtor's creditors can pursue their rights in state court. The Court should, therefore, dismiss this case.

**D.     Dismissal Should Be With Prejudice and Impose A Bar to Refiling for Two Years.**

Pursuant to 11 U.S.C. § 349(a), the court has authority to dismiss a debtor's bankruptcy case with prejudice to refiling. In re Montalvo, 416 B.R. 381, 388 (Bankr. E.D.N.Y. 2009). Section 349(a) provides that

> [u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not . . . prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a).

The decision to dismiss a case with prejudice is within the court's discretion. Id., at 389 (citing In re Ventura, 375 BR. 103 (Bankr. E.D.N.Y. 2007)). The Second Circuit has long held that when dismissing a chapter 11 case under section 1112(b), the bankruptcy court may preclude the debtor from refiling for bankruptcy relief for a specified period. See, e.g., In re Casse, 198 F.3d 327, 339-41 (2d Cir. 1994) (it is within the sound discretion to dismiss a case

with a bar to refiling for a particular period). The exercise of discretion to dismiss a bankruptcy case with prejudice should be based upon a review of a debtor's overall conduct throughout the entire bankruptcy process. In re Ladd, 82 B.R. 476, 477 (Bankr. N.D. Ind. 1988); In re McClure, 69 B.R. 282 (Bankr. N.D. Ind. 1987); see also In re Jones, 289 B.R. 436, 439 (Bankr. M.D. Ala. 2003) (finding that the Debtor's history in her bankruptcy case demonstrated an "abuse of the protection[s] of the Bankruptcy Code" sufficient to support dismissal with prejudice to refiling for one year); In re Phoenix Land Corp., 164 B.R. 174, 176 (Bankr. S.D. Fla. 1993) (filing a chapter 11 case in order to delay and thwart the efforts of secured creditors to enforce their rights was sufficient to dismiss with prejudice for a period of one year).

If the moving party can prove the debtor's bad faith through egregious conduct a court may dismiss a bankruptcy case with prejudice. In re Ventura, 375 B.R. at 109; see also In re Hall, 258 B.R. 908 (N.D. Ind. 2001) ("Dismissal with prejudice is viewed as an appropriate response to a debtor's egregious misconduct, contumacious actions, or abuse of the bankruptcy process."). For example, dismissal with prejudice is appropriate where, as here, a Court is faced with a debtor's serial filings. In re Casse, 219 B.R. 657 (Bankr. E.D.N.Y. 1998), aff'd, 198 F.2d 327 (2d Cir. 1999); In re Gonzalez-Ruiz, 341 B.R. 371, 386 (B.A.P. 1st Cir. 2006); In re Glenn, 288 B.R. 516 (Bankr. E.D.Tenn. 2002).

Further, dismissal with prejudice is warranted where the debtor has acted in bad faith, caused delay that harms the estate, creditors and other parties in interest, or fails to fulfill its duties as a debtor-in-possession. See In re Phoenix Land Corp., 164 B.R. at 176 (in determining whether to dismiss a case with prejudice, courts have considered any factor which evidences a debtor's intent to abuse the judicial process). Although recognizing that dismissal with prejudice is a drastic remedy, courts have found dismissal with prejudice is appropriate where, as here, a

debtor has failed to comply with the mandatory duties imposed upon a debtor. See In re Steinmetz Group, Ltd., 85 B.R. 633 (Bankr.S.D.Fla.1988) (dismissing case with prejudice based on debtor's failure to attend section 341 meeting); In re Ladd, 82 B.R. 476 (Bankr. N.D.Ind. 1988) (dismissing case with prejudice where debtor failed to appear at three 341 meetings); In re Martin-Trigona, 35 B.R. 596, 601-02 (Bankr. S.D.N.Y. 1983) (dismissing case with prejudice where debtor failed to file plan or schedules, failed to cooperate during meeting of creditors, and violated injunction barring re-filing).

A review of this "[D]ebtor's overall conduct throughout the entire bankruptcy process" can only lead to a determination that the Court should dismiss the Debtor's case with prejudice for two years. See In re Ladd, 82 B.R. at 477. This is the Debtor's second bankruptcy case in six months. See Case Nos. 18-46215 (ESS) and 19-43615 (ESS). The Previous Case was filed on October 29, 2018, remained open for approximately ten weeks, and was dismissed on December 12, 2018. See Case No. 18-46215 (ESS), ECF Doc. No. 16; Wolf Decl., ¶ 20. Six months after the dismissal of the Previous Case, on June 12, 2019, the Debtor filed the Current Case. See Case No. 19-43615 (ESS), ECF Doc. No. 1.

The Debtor's recent filings, separated by mere months, demonstrates a willingness to file a skeletal petition, remain in bankruptcy for as long as possible, accept dismissal and then refile shortly thereafter, all of which reveals that the proper remedy here is dismissal with prejudice and a bar to refiling for two years. If this case is not dismissed with prejudice, the Debtor will likely commence a subsequent bankruptcy case on the eve of any adverse action commenced by a creditor, again with no intention of performing duties as a debtor pursuant to 11 U.S.C § 521.

## IV. NOTICE

The United States Trustee will serve the Notice of Motion, Declaration and this Memorandum of Law upon the Debtor and any parties who have filed Notices of Appearance in the case. Notice of the Motion will be sent to all creditors through the Bankruptcy Noticing Center. The United States Trustee respectfully requests that this be deemed good and sufficient notice of the motion and the hearing scheduled herein, and that no other further notice is necessary or required.

## V. CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this chapter 11 case with prejudice and impose a bar on refiling in any court for two years or, in the alternative, converting the Debtor's chapter 11 case to one under chapter 7, and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
      July 12, 2019

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Rachel B. Wolf*
Rachel B. Wolf
Trial Attorney
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax No. (212) 668-2255